UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE NEWLIN,    ) | |
| ) | |
| Plaintiff,    ) | Case No. |
| ) | |
| vs.    ) | |
| ) | |
| GOJET AIRLINES, L.L.C.,    ) | **Jury Trial Demanded** |
| ) | |
| Defendant.    ) | |

## COMPLAINT

COMES NOW Plaintiff Christine Newlin, through her undersigned attorneys, and for her Complaint, states as follows:

1.     Plaintiff Christine Newlin brings this action against Defendant GoJet Airlines, L.L.C., to secure both equitable relief and damages for Defendant's violations of the Railway Act, 45 U.S.C. Sections 151 et seq. and breach of her contract of employment.

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1336 and 1343(4). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Section 1367. Venue is proper in this judicial district under 28 U.S.C. 1391(c), as Defendant does business in the Eastern District of Missouri.

3.     At all times relevant to the events described herein, Plaintiff resided in the Eastern District of Missouri, within the jurisdiction of this Court.

4.     Defendant is a corporation registered to do business in the State of Missouri and is a corporation providing interstate air transportation services, doing business in the Eastern District of Missouri within the jurisdiction of this Court, as well as several other states. Defendant is a "common carrier by air" within the definition of Section 201 of the Railway Labor Act, 45 U.S.C. Section 181, and is subject to the provisions of that Act.

5. Plaintiff was employed as a flight attendant by Defendant from September 9, 2005, until February 10, 2010, and thus was an "employee" within the definition of 45 U.S.C. Section 151, Fifth during the period relevant to the within Complaint.

6. During the month of April 2009, the Association of Flight Attendants (AFA) was engaged in a campaign to organize the flight attendants employed by Defendant in the St. Louis, Missouri area. At that time, Plaintiff, while employed by Defendant, became an active and open supporter of the AFA's campaign to organize the St. Louis area flight attendants, and continued to do so until Defendant discharged her on February 10, 2010. Plaintiff distributed union authorization cards and obtained the signatures of fellow employees on said cards to authorize the AFA to represent them in collective bargaining and spoke with fellow employees about the merits of union representation. Defendant was knowledgeable about Plaintiff's activities in favor of the AFA.

7. Defendant was opposed to the organization of its flight attendants by the AFA, and responded to the organization campaign by engaging in a pattern of harassment against AFA supporters, culminating in the discharge of Plaintiff on February 10, 2010, for stated reasons that were patently false, of for which other employees were not discharged or disciplined.

8. The true purpose of the harassment and ultimate discharge of Plaintiff was to punish her for her support of AFA and to discourage other of Defendant's flight attendants from engaging in union activity.

## COUNT I

## VIOLATION OF RAILWAY LABOR ACT

9. Plaintiff repeats and realleges the statements made in Paragraphs 1 through 8 as though stated in full herein.

10. The harassment and ultimate discharge of Plaintiff violated Section 2, Third and Fourth, of the Railway Labor Act, 45 U.S.C. Section 152, Third and Fourth, in that they interfered

with the employees' choice of their representatives and influenced them in an effort to induce them not to join or remain members of the AFA.

11. Due to Defendant's aforementioned actions, Plaintiff has suffered and will continue to suffer losses of wages and benefits, emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life.

12. At all times relevant hereto, Defendant was aware of the prohibitions provided in 45 U.S.C. Section 152, Third and Fourth.

13. The acts of Defendant set forth above were willful, deliberate, malicious, outrageous, and done with reckless and wanton disregard for the rights of Plaintiff.

14. Plaintiff demands a trial by jury.

## COUNT II

## BREACH OF EMPLOYMENT CONTRACT

15. Plaintiff repeats and realleges the statements made in Paragraphs 1 through 14 as though stated in full herein.

16. At all times during the period of Plaintiff's employment, Defendant had an employee manual/handbook which defined the terms and conditions of employment of its flight attendants, and which was contractually binding on Defendant.

17. The discharge of Plaintiff violated the express and implied terms of the employee manual/handbook, and was thus a breach of contract.

18. Due to Defendant's aforementioned actions, Plaintiff has suffered and will continue to suffer losses of wages and benefits, emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life.

19. The acts of Defendant set forth above were willful, deliberate, malicious, outrageous, and done with reckless and wanton disregard for the rights of Plaintiff.

20. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests the following relief:

1        Enjoin Defendant, its successors, officers, agents, representatives, employees, attorneys and those acting in concert with it, from engaging in the policies and practices complained of above, or any other employment practices that are violative of the law;

2.        Order Defendant make Plaintiff whole for any and all losses or damages suffered as a result of Defendant's unlawful employment practices and her discharge, including, among other things, reinstatement, back pay, interest thereon, front pay, retroactive seniority, pension, health and dental coverage, and other employment-related benefits and compensatory damages lost to Plaintiff due to her discharge and Defendant's policies and practices, with interest;

3.        Enter judgment in favor of Plaintiff and against Defendant in an amount sufficient to compensate her for her damages set forth above, including punitive damages;

4.        Award Plaintiff the costs of this action, together with her reasonable attorney fees;

5.        Grant such other relief as may appear to the Court to be just and proper.


JERALD A. HOCHSZTEIN, LLC


By:  /s/ Jerald A. Hochsztein
     Jerald A. Hochsztein, #3407
     Attorney for Plaintiff
     230 South Bemiston, Suite 1200
     St. Louis, MO 63105
     314-862-3333 phone
     314-862-0605 fax