UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE NEWLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1458 HEA |
| ) | |
| GOJET AIRLINES, L.L.C., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

Plaintiff Christine Newlin has brought suit against defendant GoJet Airlines, L.L.C. for alleged violations of the Railway Labor Act ("RLA"), 45 U.S.C. § 151, and breach of contract, arising out of plaintiff's discharge from employment with defendant. Defendant has filed its motion to dismiss [Doc. #10]. Plaintiff has failed to respond to the motion, and the time for her to do so has expired. The motion is now ripe for disposition.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," Bell Atl. Corp. V. Twombly, 550 U.S. 544, 555 (2007), but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, _ U.S. _, 129 S. Ct. 1937, 1949 (2009). A pleading that offers legal conclusions, a formulaic recitation of elements, or naked assertions devoid of factual enhancement does not suffice. Id.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the alleged facts allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Only well-pleaded facts are accepted as true, while "[t]hreadbare recitals of the elements of a cause of action" and legal conclusions are not. Id. "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations." Id. at 1950. When a complaint contains well-pleaded factual allegations, a court should assume the well-pleaded facts are true and then determine whether they plausibly entitle the plaintiff to relief. Id. If the well-pleaded facts do not plausibly entitle the plaintiff to relief, the claim should be dismissed. Id.

## THE COMPLAINT

Plaintiff's complaint begins by stating that she seeks both equitable relief and damages for defendant's violations of the RLA and for breach of her contract of employment. She alleges that defendant is a "common carrier by air" within the definition of the RLA and is thus subject to the provisions of the RLA. Plaintiff alleges that she was employed as a flight attendant by defendant from September 9, 2005, through February 10, 2010, and thus was an "employee" within the definition of the RLA.

Plaintiff alleges that in April 2009, the Association of Flight Attendants ("AFA") was engaged in a campaign to organize the flight attendants employed by defendant in the St. Louis area. Plaintiff became an active and open supporter of the AFA's campaign. She distributed union authorization cards and obtained signatures of her fellow employees to authorize the AFA to

2

represent them in collective bargaining. She also spoke with fellow employees about the merits of union representation. Plaintiff alleges that defendant was aware of her activities in support of the AFA's organizing campaign.

Plaintiff alleges that defendant was opposed to the organization of its flight attendants by the AFA. She alleges that defendant responded to the organization campaign by engaging in a pattern of harassment against AFA supporters. She alleges that this pattern culminated in her discharge on February 10, 2010, for stated reasons that were patently false, or for which other employees were not discharged or disciplined. Plaintiff alleges that the true purpose of the harassment and discharge was to punish her for her support of the AFA and to discourage other flight attendants from engaging in union activity.

Plaintiff then divides her complaint into two counts, containing the legal bases for her lawsuit. In Count I, she alleges that defendant's harassment and discharge of plaintiff violated § 2, Third and Fourth of the RLA in that they interfered with the employees' choice of their representatives and influenced them in an effort to induce them not to join or remain members of the AFA. She alleges that defendant's actions caused her to suffer lost wages and benefits, emotional pain, suffering, inconvenience, anguish, humiliation, and loss of enjoyment of life. She alleges that defendant was aware of the prohibitions of the RLA and that its actions were wilful, deliberate, malicious, outrageous, and done with reckless and wanton disregard for plaintiff's rights. Lastly, she demands a trial by jury.

In Count II, plaintiff alleges that defendant breached her employment contract. She alleges that defendant had an employee manual or handbook which defined the terms and conditions of employment for its flight attendants. She further alleges that this employee handbook was

3

contractually binding on defendant. She also states that defendant's discharge of plaintiff violated the express and implied terms of the employee handbook, and was thus a breach of contract. She alleges that as a result, she suffered and will suffer lost wages and benefits, emotional pain, suffering, inconvenience, anguish, humiliation, and loss of enjoyment of life. She again alleges that defendant's actions were wilful, deliberate, malicious, outrageous, and done with reckless and wanton disregard for her rights.

Plaintiff's complaint does not contain separate prayers for relief for each count, and instead, makes one prayer at the end of the complaint. She requests an injunction against defendant, prohibiting it from engaging in the policies and practices complained of in her complaint. She requests reinstatement, back pay, interest, front pay, retroactive seniority, pension, health and dental coverage, and other employment-related benefits and compensatory damages due to her discharge. She further requests punitive damages, costs, attorney's fees, and any other relief deemed proper.

## DISCUSSION

Defendant's motion to dismiss seeks to dismiss Count II and part of Count I. With regard to Count II, defendant argues that plaintiff's breach of employment contract claim based on Missouri common law must be dismissed because under Missouri law an employee handbook does not establish an employment contract. With regard to Count I, defendant argues that plaintiff's requests for compensatory and punitive damages should be dismissed because such damages are not available under the RLA. Defendant further argues that her demand for trial by jury should be stricken because she has no right to a jury trial. Plaintiff failed to respond to defendant's arguments.

**I. Breach of Contract Claim**

The Court has supplemental jurisdiction over this state law claim pursuant to 28

U.S.C. § 1367. A district court adjudicating supplemental state law claims applies the choice-of-law rules of the forum state—in this case, Missouri. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Here, defendant applies Missouri contract law, to which plaintiff does not object. The Court agrees that, based on Missouri choice-of-law principles and the allegations in the complaint, it is appropriate to apply Missouri law to this claim.

"Under Missouri's employment at will doctrine, an employer may discharge an at will employee, for cause or without cause, without liability for wrongful discharge, provided that the employee is not otherwise protected by a contrary statutory provision." Doran v. Chand, 284 S.W.3d 659, 664 (Mo. Ct. App. 2009). For an at will employee's status to be modified to allow her to state a claim for wrongful discharge, she must plead the existence of a valid contract and a discharge in breach of that contract. Id. The essential elements of a valid employment contract, like all contracts, are: an offer, acceptance, and consideration. Id.

In Johnson v. McDonnell Douglas Corporation, 745 S.W.2d 661 (Mo. 1988)(en banc), upon a review of the granting of a motion for summary judgment, the Supreme Court of Missouri held that the employer's unilateral act of publishing an employee handbook did not constitute a contractual offer to its employees. Id. at 662. The court noted that the handbook was merely an informational statement of the employer's self-imposed policies, which were subject to change at any time. Id. The court concluded that, given the general language of the handbook and the employer's reservation of power to alter it, "a reasonable at will employee could not interpret its distribution as an offer to modify his at will status." Id.

In this case, plaintiff alleges breach of an employment contract. She alleges that defendant published an employee handbook which defined her terms and conditions of employment.

5

As stated above, the mere publishing of an employee handbook is not sufficient to alter an employee's at will status. Id. While the Supreme Court of Missouri did not create a bright-line rule that no employee handbook could create an employment contract, plaintiff fails to allege any facts that would distinguish defendant's employee handbook from the handbook discussed in Johnson. See Doran, 284 S.W.3d at 665. Accordingly, plaintiff fails to state a claim for breach of an employment contract upon which relief can be granted, and her claim in Count II will be dismissed. Because plaintiff failed to respond to the motion, offered no argument indicating that this claim could be salvaged by amendment, and failed to submit a proposed amended claim, the Court's dismissal will be with prejudice. See Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913-14 (8th Cir. 2002) (finding that a district court has discretion to dismiss a complaint with prejudice when a plaintiff does not move to amend and has not submitted proposed amended complaint).

## II. RLA Claim

Congress adopted the RLA to provide "a comprehensive framework for the resolution of labor disputes in the railroad industry," Atchison, Topeka & Santa Fe Ry. Co. v. Buell, 480 U.S. 557, 562 (1987), and the RLA's coverage has since been extended to airlines, 45 U.S.C. § 181. The RLA provides that:

> Third. Designation of representatives
> Representatives . . . shall be designated by the respective parties without interference, influence, or coercion by either party over the designation of representatives by the other; and neither party shall in any way interfere with, influence, or coerce the other in its choice of representatives.
> \* \* \*
> Fourth. Organization and collective bargaining; freedom from interference by carrier; assistance in organizing or maintaining organization by carrier forbidden; deduction of dues from wages forbidden

> Employees shall have the right to organize and bargain collectively through representatives of their own choosing. The majority of any craft or class of employees shall have the right to determine who shall be the representative of the craft or class for the purposes of this chapter. No carrier, its officers, or agents shall deny or in any way question the right of its employees to join, organize, or assist in organizing the labor organization of their choice, and it shall be unlawful for any carrier to interfere in any way with the organization of its employees, or to use the funds of the carrier in maintaining or assisting or contributing to any labor organization, labor representative, or other agency of collective bargaining, or in performing any work therefor, or to influence or coerce employees in an effort to induce them to join or remain or not to join or remain members of any labor organization or to deduct from the wages of employees any dues, fees, assessments, or other contributions payable to labor organizations, or to collect or to assist in the collection of any such dues, fees, assessments, or other contributions . . . .

45 U.S.C. § 152.

The RLA has been found to provide a private right of action that may be brought in federal court in some circumstances. See Consol. Rail Corp. v. Ry. Labor Execs.' Ass'n, 491 U.S. 299, 303-04 (1989). In International Brotherhood of Electrical Workers v. Foust, 442 U.S. 32 (1979), the Court held that employees cannot recover punitive damages in a fair representation suit against a union. Id. at 52. While the remedies available in a fair representation suit are limited, numerous courts have found that an employee who is not represented by a union and is not party to a collective bargaining agreement may seek punitive damages for violations of the RLA. See Lebow v. Am. Trans Air, Inc., 86 F.3d 661, 672 (7th Cir. 1996); Beckett v. Atlas Air, Inc., 968 F. Supp. 814, 824-25 (E.D. N.Y. 1997); Freiburger v. Emery Air Charter, Inc., 795 F. Supp. 253, 260 (N.D. Ill. 1992); Belton v. Air Atlanta, Inc., 647 F. Supp. 28, 31-32 (N.D. Ga. 1986); Brown v. World Airways, Inc., 539 F. Supp. 179, 180-81 (S.D. N.Y. 1982).

Defendant argues that plaintiff cannot recover compensatory and punitive damages in this case. Defendant cited Foust and other similar cases for this proposition but failed to bring to

the Court's attention, address, and distinguish more factually similar cases cited above, such as Lebow v. American Trans Air, Inc., 86 F.3d 661 (7th Cir. 1996). Unless defendant presents applicable authority to the contrary, the Court must conclude that plaintiff may seek punitive and compensatory damages for violations of the RLA because plaintiff's allegations indicate that she was not represented by a union and not party to a collective bargaining agreement. See Lebow, 86 F.3d at 672. Accordingly, defendant's motion to dismiss plaintiff's claims for compensatory and punitive damages will be denied.

Defendant's argument that plaintiff is not entitled to a jury trial was premised upon its argument that plaintiff was not entitled to seek punitive and compensatory damages. Because the Court has rejected that argument, defendant's argument to strike the jury demand will also be denied. See Lebow, 86 F.3d at 667-72.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant GoJet Airlines, L.L.C.'s motion to dismiss [Doc. #10] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Count II of plaintiff Christine Newlin's complaint is hereby **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that defendant GoJet Airlines, L.L.C.'s motion to dismiss plaintiff Christine Newlin's claims for punitive and compensatory damages in Count I and to strike her demand for a jury are **DENIED**.

Dated this 24th day of February, 2011.

                HENRY EDWARD AUTREY
                UNITED STATES DISTRICT JUDGE