UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE NEWLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:10CV1458 HEA |
| | ) | |
| GOJET AIRLINES, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

### Introduction

This matter is before the Court pursuant to Defendant GoJet Airlines, LLC's

("GoJet") Motion for Summary Judgment [Doc# 30].  Plaintiff Christine Newlin

has failed to file opposition or other documents or writings on response to GoJet's

motion.

### Facts and Background[1]

Plaintiff Newlin began working for GoJet, a commercial airline, on or about

September 9, 2005 as a flight attendant based in St. Louis, Missouri.  Upon her

hire, GoJet issued Plaintiff a General Operations Manual ("GOM"), a binder that

contained procedures applicable to GoJet crew members, including flight

---

[1]      The Court's recitation of the facts is drawn from GoJet's statement of material
facts filed in conjunction with its motion for summary judgment listed above.

attendants.  Among those procedures was a guideline which indicated when a flight attendant must notify crew scheduling if he or she is going to miss a flight. Flight attendants are trained on the GOM, and required by the Federal Aviation Administration ("FAA") to carry the GOM with them while on duty.  Employees of GoJet are also required to review and familiarize themselves with revisions of the GOM.  In May 2009, GoJet issued revision 22 to the GOM, which changed the "call off" procedure for flight attendants.  Under the old policy, flight attendants were required to call off six hours prior to flight departure.  Under the new policy, flight attendants were required to call off "as early as possible," but no later than two hours before the scheduled departure.

Michaela Green was responsible for making all termination decisions concerning GoJet flight attendants.  In December of 2009, Newlin contacted her supervisor, Tammy Hoevel, with a question regarding the "call off" procedure. Hoevel forwarded the inquiry to Green, who called Newlin back to answer her question.  During their conversation, Green asked Newlin if she had read the revisions, to which Newlin responded that she had "probably just skimmed it." Subsequently, Green issued Newlin a written warning that stated: "Manual revisions are updates to policy, procedures, and regulations.  Reading, knowing, and understanding revisions, as well as the contents of the GOM is mandatory.  It

is not acceptable to 'skim through' revisions or be unfamiliar with the contents of the GOM."

In January 2010, GoJet began preparations to begin flying into Canada starting on February 11, 2010. As part of the preparations, all GoJet flight attendants were required to watch an online training presentation, and complete an "International Operations-Canadian Knowledge Assessment" ("Canadian Assessment") by the date of February 5, 2010. On or about February 8, 2010, Michaela Green was provided a list containing the names of eleven (11) flight attendants who had not yet completed the Canadian Assessment. Plaintiff Newlin was one of the flight attendants on this list. Green reviewed each of the personnel files of those who had not completed the Canadian Assessment and found that both Newlin and Brandon Coffey were the only two employees that failed to complete the assessment, and had disciplinary warnings within the prior two months.

On February 10, 2010, Green and Hoevel met with Newlin and informed her of her termination. Brandon Coffey was also terminated on or around this date. Upon meeting with Newlin, Green gave Newlin a copy of her termination letter, which stated the following:

On 12/7/09 you were issued a letter documenting significant concern with regard to your maintaining an up to date, working knowledge of your duties as Flight Attendant. The deadline for the Canadian Operation Assessment, required to ensure every crewmember is proficient in procedures for our Canadian operation, was February 5, 2010. As of February 8, 2010, this was not received. Failure to complete this reflects a continued disregard for procedure and your responsibilities as a Flight Attendant. As a result of the noted issues, your employment with Go Jet Airlines is being terminated effective immediately.

During this meeting, Newlin stated that she "had a lot going on outside of work" as a reason for her lack of compliance with filling out the Canadian Assessment on time. She has since admitted that the statements in her termination letter were all accurate, except that she contends that it was "irresponsible" of her not to turn in the assessment on time, as opposed to "continued disregard" as stated in the letter (above).

In June of 2010, both Green and Hoevel became aware that some of the GoJet flight attendants were organizing a unionization effort. This effort was a campaign that started in or around April of 2009, and Newlin was part of this effort. It is uncontested that Green and Hoevel did not become aware of Newlin's involvement until the initiation of this lawsuit, which was filed on August 9, 2010–roughly six months after Newlin's termination.

**Legal Standard**

The standards for summary judgment are well settled.  In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed.R.Civ.P. 56(e).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.  With these standards in mind, the Court reviews the facts in this case.

Upon the Court granting Plaintiff Christine Newlin two separate extensions of time to respond to GoJet's Motion for Summary Judgment, Newlin failed to submit a statement of material facts as to which she contends a genuine issue exists, as required by Rule 4.01(E).  As a result, for purposes of this motion, plaintiff is deemed to have admitted all facts which were not specifically

5

controverted.  *See Deichmann v. Boeing Co.*, 36 F. Supp.2d 1166, 1168 (E.D. Mo. 1999); *see also Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 579 (8th Cir. 2006) (district court did not abuse its discretion in deeming facts set forth in moving party's summary judgment motion admitted under E.D. Mo. Local Rule 4.01(E) where no timely response was filed); *Ridpath v. Pederson*, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under E. D. Mo. Local Rule 4.01(E)).

A plaintiff's verified complaint is the equivalent of an affidavit in opposition to a motion for summary judgment, and a complaint signed under penalty of perjury pursuant to 28 U.S.C. § 1746 is the equivalent of a verified complaint.  *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 994-95 (8th Cir. 2001). "Although a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit in order to survive a summary judgment motion." *Id.* (citing *Williams v. Adams*, 935 F.2d 960, 961 (8th Cir. 1991)).

### Discussion

### *Newlin's Count I - Violation of Railway Labor Act*

6

Plaintiff Newlin alleges that Defendant's harassment and ultimate discharge of Newlin violated 45 U.S.C. § 152, Third and Fourth, of the Railway Labor Act (RLA).[2] The RLA prohibits "interference, influence, or coercion by either party over the designation of representatives by the other." 45 U.S.C. § 152 (Third). Further, the Act prohibits "any carrier to interfere in any way with the organization of its employees, or to use the funds of the carrier in maintaining or assisting or contributing to any labor organization, labor representative, or other agency of collective bargaining . . . ." *Id.* at (Fourth). Plaintiff alleges that Defendant interfered with the GoJet employees' choice of their representatives and influenced them in an effort to induce them not to join or remain members of the Association of Flight Attendants (AFA).

In order to establish a prima facie case that Plaintiff's termination violated the RLA, she must show by a preponderance of evidence that (1) she engaged in union activities; (2) GoJet knew of her protected activity; (3) GoJet harbored animus toward the activity; and (4) the animus was a causal factor in the termination. *Plemmons v. Regional Elite Airline Services*, 2001 WL 3924957, 2 (W.D.Mo 2011); *Lebow v. American Trans Air, Inc.,* 86 F.3d 661, 666 (7th Cir.

---

[2]On February 24, 2011, The Honorable Judge Donald Stohr dismissed Count II ("Breach of Employment Contract") of Plaintiff Newlin's complaint, thus leaving Count I as the only viable claim.

1996).  Plaintiff Newlin has failed to meet her burden here.  As discussed above,

Plaintiff has neglected to file any memoranda in opposition to Defendant's motion

for summary judgment.  Newlin's complaint alone fails to establish a prima facie

case.  At best, Newlin can prove that she was engaged in union activity; however,

as the uncontested facts show, Newlin offered no legitimate evidence

demonstratimg that GoJet knew of her union affiliation at the time of her firing.

Supervisors Green and Hoevel of GoJet did not become aware of Newlin's

involvement until the initiation of this lawsuit, which was filed on August 9,

2010–roughly six months after Newlin's termination.  Because Plaintiff has failed

to prove this essential element, she has failed to establish a prima facie case

altogether.

Assuming *in arguendo* that Newline stated a prima facie case for wrongful

discharge, GoJet has met its burden to show a non-discrimnatory reason for firing

Newlin.  GoJet has shown that Newlin engaged in unacceptable behavior multiple

times, and was put on notice of such each time.  In December of 2009, Michaela

Green issued Newlin a written warning for failing to stay up to date with revisions

and updates to GoJet policy, procedures, and regulations. Additionally, in early

2010, Newlin failed to timely participate in the online Canadian Assessment

training, which was a mandatory training program designed to prepare GoJet

8

employees for Canadian flights.[3]  In light of Newlin's continued disregard for procedure and flight attendant responsibilities, GoJet terminated Newlin.

### Conclusion

Given this evidence, no reasonable juror could conclude that Newlin was terminated because of her involvement with the AFA.  As such, Newlin's claim fails and summary judgment shall be granted in favor of GoJet.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant GoJet Airlines, LLC's Motion for Summary Judgment [Doc# 30] is **GRANTED.**

Dated this 21st day of December, 2011.

 

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[3]     GoJet also fired Brandon Coffey, a fellow former GoJet empoyee who failed to complete the assessment, and also had disciplinary warnings within the prior two months.