UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE NEWLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:10CV01458 HEA |
| | ) | |
| GOJET AIRLINES, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant GoJet Airlines' ("Defendant" or "GoJet") Motion for Attorney Fees [ECF No. 54]. Plaintiff Christine Newlin ("Plaintiff") did not respond to the Motion. Defendant also filed a Motion for Bill of Costs [ECF No. 53], to which Plaintiff also did not respond.

### Background

Plaintiff Newlin began working for GoJet, a commercial airline, on or about September 9, 2005 as a flight attendant based in St. Louis, Missouri.  On February 10, 2010, Plaintiff was terminated by Defendant GoJet. On August 9, 2010, Plaintiff initiated this lawsuit.  Plaintiff's Complaint alleged that Defendant's harassment and ultimate discharge of Newlin violated 45 U.S.C. § 152, Third and Fourth, of the Railway Labor Act (RLA).[1] On December 21. 2011, the Court granted Defendant's Motion for Summary Judgment [ECF No. 51] and judgment was entered in Defendant's favor [ECF No. 52].

---

[1] On February 24, 2011, The Honorable Judge Donald Stohr dismissed Count II ("Breach of Employment Contract") of Plaintiff Newlin's complaint, thus leaving Count I as the only viable claim.

## Discussion

### *Defendant's Motion for Attorney Fees*

The well-settled "American rule" on payment of attorneys' fees in federal litigation is that, in the absence of a statue or an enforceable contract, each party is responsible for his or her own fees. *Actors' Equity Ass'n v. American Dinner Theater Institute*, 802 F.2d 1038, 1041 (8th Cir.1986). But limited exceptions to the rule exist, including an exception authorizing a federal court to award attorneys' fees to the prevailing party when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Id.*

Defendant contends that Plaintiff litigated this action in bad faith. In *Actor's Equity Ass'n*. The Eighth Circuit held that bad faith can be shown where the movant intentionally advanced a frivolous contention for an ulterior purpose, such as harassment or delay. *Id.* at 1043. Defendant has failed to offer any evidence that would actuate any of the limited exceptions to the "American rule." While it asserts different reasons why Plaintiff's claim failed, it fails to produce any factual evidence that supports the contention that Plaintiff acted with an ulterior purpose. *See Id.* As such, the "American rule" is applicable here and both parties are responsible for their own attorneys' fees. Defendant's Motion for Attorneys' Fees is denied.

### *Defendant's Motion for Bill of Costs*

Defendant prevailed in this suit by receiving a judgment in its favor.  The presumption under Rule 54 (d) of the Federal Rules of Civil Procedure is that the

prevailing party is entitled to costs. *Bathke v. Casey's General Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995). However, Rule 54(d) gives the district court discretion in determining whether to tax costs at all and whether to reduce the amount of costs taxed due to a litigant's indigency. *See Lampkins v. Thompson*, 337 F.3d 1009, 1017 (8th Cir. 2003).

Defendant has incurred $2,379 in costs. Plaintiff does not dispute this figure. As such, as the prevailing party, Defendant is entitled to the $2,379 in costs and its Motion for Bill of Costs is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant GoJet Airlines LLC's Motion for Attorneys' Fees [ECF No. 54] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant GoJetAirlines LLC's Motion for Bill of Costs [ECF No. 53] is **GRANTED**.

Dated this 3rd day of August, 2012.

            HENRY EDWARD AUTREY
            UNITED STATES DISTRICT JUDGE